UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEVIN CHOUTE,

    Petitioner,

v.                                       Case No. 4:21cv127-MW-HTC

STATE ATTORNEY JACK CAMPBELL and
LEON COUNTY SHERIFF WALT MCNEIL,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

On March 11, 2021, Petitioner Kevin Choute, a pretrial detainee at the Leon County Detention Center proceeding *pro se*, filed a document entitled "Petition for Writ of Habeas Corpus" which the clerk docketed as a petition under 28 U.S.C. § 2254. ECF Doc. 1. Choute is awaiting trial on two counts of drug trafficking and one count of possession of a firearm by a convicted felon in case 2020 CF 2906.[1] ECF Doc. 1 at 1. His bond is set at $250,000 on each of the two drug charges and $100,000 on the firearm charge. *Id.* He argues these bonds are excessive and render

---

[1] An online search of the Leon County Sheriff's office "Inmate Search" page on May 18, 2021, shows that he is still in the Leon County Detention Center. Search conducted at the following URL: https://www.leoncountyso.com/departments/detention-facility/inmate-search/inmate-search-result?first_name=kevin&last_name=choute&race=Black&sex=M

his detention illegal "in violation of Article I, section 14 of the Florida Constitution." *Id.* at 1-2.

The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  For the reasons set forth below, the undersigned recommends the petition be dismissed without prejudice because Petitioner has failed to prosecute and failed to comply with orders of the Court.[2]

As an initial matter, because Choute is a pretrial detainee challenging his detention rather than challenging a conviction or sentence, he must rely upon a petition under 28 U.S.C. § 2241 to challenge his detention in federal court. *See e.g., Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (explaining that section 2241 applies to individuals in state pretrial detention); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining "[s]tate pretrial detention ... might violate the Constitution or the laws or treaties of the United States" and "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only"

---

[2] Because the undersigned is recommending dismissal based on failure to prosecute and failure to follow orders of the Court, the undersigned does not address the merits of the petition.  That said, the undersigned notes that the petition suffers other defects.  Namely, (1) Petitioner has failed to exhaust his state remedies; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-489 & n.4 (1973); (2) the petition is based on allegations of violations of state law only, *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); and (3) Petitioner's claim is barred by the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37, 45 (1971).

because pre-trial detainee would not be "in custody pursuant to the judgment of a State court"). Thus, the clerk will be directed to make this correction on the docket.

Although Choute filed his petition on March 11, it was not accompanied by a motion for leave to proceed *in forma pauperis* or a filing fee as required by Rule 5.3 of the Local Rules of the Northern District of Florida. Choute then wholly failed to respond to the Court's order giving him thirty (30) days to either pay the full $5.00 filing fee or file a complete application to proceed *in forma pauperis*. ECF Doc. 3. Despite this failure, the Court gave Choute another fourteen (14) days to show cause why the case should not be dismissed for failure to prosecute or follow an order of the Court. ECF Doc. 4. Once again, Choute failed to respond.

Thus, the undersigned recommends Choute's case be dismissed without prejudice for failure to prosecute and failure to comply with orders of the Court. A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x

at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is ORDERED:

1. The clerk is directed to recharacterize the case as one under 28 U.S.C. § 2241 rather than § 2254.

Additionally, it is respectfully RECOMMENDED that:

1. This case be DISMISSED without prejudice for Petitioner's failure to prosecute and to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 24th day of May, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within **fourteen days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.